Further, husband's argument here is refuted by the case of *Stegemann v. Helbig*, 625 S.W.2d 677[2, 3] (Mo.App.1981). There in foot-note 1, relying on *Hart v. Midkiff*, 321 S.W.2d 500[9] (Mo.1959), we stated:

"It is true that defendant's answer contained no affirmative defenses or claims of a right to set-off. Evidence tending to support these theories was admitted at trial without objection, however, therefore, the pleadings are deemed amended to conform to the proof and a contention that the defendant's answer does not raise these issues is not available on appeal."

We so hold here.

Thus, the wife's counterclaim was in issue and the court did not err in ruling thereon.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P.J., TURNAGE, C.J., and MANFORD, J.

## ORDER

PER CURIAM:

Direct appeal from denial of post-conviction relief sought pursuant to Rule 27.26.

Judgment affirmed. Rule 84.16(b).

Billy DUREN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 33605.

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

Naomi M. MULCAHY, Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

No. WD33788.

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

